JOHN RASCH *vs.* SELENA RASCH

*Divorce—Sufficiency of Evidence.*

Upon a bill by a husband against his wife for a divorce *a vinculo*, the evidence examined and held to establish that the defendant had been guilty of adultery, that the plaintiff had not been guilty of the same offense so as to be a bar to the relief asked for and that he had not condoned the defendant's adultery.

*Decided April 4th, 1907.*

Appeal from the Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*S. Gross Horwitz*, for the appellant.

*Wm. Pepper Constable*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On October 22nd, 1903, the wife (appellee) filed a bill in Circuit Court No. 2, of Baltimore City, against the husband, (appellant), for divorce *a mensa et thoro*, on the ground of desertion and cruel treatment. To this bill, an answer was filed by the husband, denying the allegations set out therein, and charging the wife, since her marriage with him, with the crime of adultery.

On the 9th of January, 1904, the husband filed a cross-bill against the wife, for a divorce, *a vinculo matrimonii*, for adultery with one Michael J. Dellahunty of Baltimore City, between the first day of August and the 11th day of October, 1903, and with divers other men who are unknown to him. The bill also charged illicit carnal intercourse with other men, unknown to the plaintiff, at the time of the marriage. These allegations were denied by the wife in an answer to the bill. A replication was filed to each bill, and the case was heard on the bills, answers and proof. Both bills were dismissed by the Court below, and from the decree dismissing the cross-bill, an appeal has been taken.

There is no appeal from the decree dismissing the original bill.

The rules of law applicable to this class of cases cannot admit of dispute, as they have been settled by numerous decisions of this Court. They are clearly and fully stated in *Kremelberg* v. *Kremelberg*, 52 Md. 553, and *Shufeldt* v. *Shufeldt*, 86 Md. 529.

The proof in the case at bar is quite voluminous and as

usual in these cases is somewhat contradictory. It would not aid the conclusion we have reached to review it in detail, or to prolong this opinion by attempting to reconcile the glaring conflicts in the testimony of some of the witnesses.

The sole question on the appeal, is whether the charge of adultery, alleged in the cross-bill is supported by the testimony, and we shall state only the material parts of the testimony bearing on this question.

The appellant and appellee were married on the 15th day of January, 1903, and on the 22nd of October of the same year a bill for divorce was filed by her. They lived together as man and wife, until the 11th of October, 1903, when he left his home, and took with him his household effects.

The basis of the suit rests upon certain letters which the husband found on his wife's bureau, on his return home, on the 11th of October, 1903. Two of the letters were from Dellahunty, to the appellee, dated October 1st, 1903, signed "Del," and addressed the wife as "dearest." They contain expressions of the following import, "I however will be at the meeting place designated Saturday evening." "I would much prefer to be with you and you alone." "I wish you would get away to-morrow evening Friday, but I suppose you can't, for I want to see you and be with you more than I can tell you." "Let me know by return messenger if you can see me to-night, if only for a moment, as per our arrangement of last evening, let me know where and the exact time." "Will send you flowers this afternoon, accept them with my fondest hopes for the future." The wife's letter to Dellahunty, is dated the 11th of October, 1903, was sealed, and contains such expressions as "Dearest Della," "sweet letter received," "meet me at our same place (M. & N.) at 8 P. M." "Excuse hasty note this time, as it might be dangerous." "Do not fail to come." "Lots of love, I am, Yours, Leonore."

In additon to these letters, there was testimony by the wife, that she had met Dellahunty, on September 30th, in the afternoon and again that night, and on the first of October. There was also proof that the appellee allowed men to visit her home

in the absence of her husband, and that she had been seen with men, in the bedrooms, on the second floor, and in the parlor of the house, under circumstances that conclusively established her guilt.

Police officer, Pease, testified that he knew the appellee before her marriage, that she lived with her sister, and they entertained men in their bedroom at night, drinking and otherwise carousing. In answer to the question, what conclusion did you form as to the character of the appellee and her sister, he said, "Well; I would not think very much of the appellee, knowing her sister was a kept woman and she knew it, at the time."

It is not necessary to state here, with any further particularity, the proof contained in the record, which supports the appellant's case.

It is sufficient to say that the letters heretofore referred to, in connection with the other proof in the record before us, sustain and establish the charge of adultery against the appellee.

It is impossible, as was said by this Court in *Kremelberg* v. *Kremelberg,* 52 Md. 553, to reconcile the testimony before us with the innocence of the appellee and we must therefore infer her guilt.

In *Shufeldt* v. *Shufeldt,* 86 Md. 528, it is said: It is not necessary in cases of this character that there be any one act proven which is conclusive of guilt, but the Court must consider the opportunity for the commission of the act, the conduct of the parties and all circumstances and then determine from the whole testimony whether it should convince unprejudiced and cautious persons of the guilt of the parties. And in *Burgess* v. *Burgess,* 4 Eng. Eccl. 529: it is said, it is not necessary to prove the act of adultery at any certain time or place, *modo et forma, loco et tempore.* It will be sufficient if the Court can infer that conclusion, as it has often done between persons living in the same house, though not seen in the same bed or in any equivocal situation.

In the case at bar, the conduct of the parties, the secret correspondence between them, lead to the fair inference and

conclusion that the relations between them were not innocent, apart from the positive testimony of the witnesses Handy and Geddes, as to improper relations between the wife and other men.

We find no sufficient evidence to support the charge of infidelity, on the part of the husband, which would constitute a bar to the relief now asked by him.   The testimony upon this branch of the case is too uncertain and contradictory to establish an inference of guilt.   On the contrary, it is positively denied by the testimony of the husband, and not sustained by the facts and circumstances of the case.

Nor do we find that the contention of the appellee, that there has been forgiveness or condonation of the wife's guilt by the husband supported by the evidence.   He abandoned his wife, as soon as the letters were discovered and did not again return to her.   We are therefore of the opinion, after a careful consideration of all the testimony in the record, that the charge of adultery against the wife has been established, and for the reasons stated, the decree of the Circuit Court No. 2, of Baltimore City will be reversed, and the cause remanded to the end that a decree granting a divorce *a vinculo matrimonii* to the husband, may be passed.

> *Decree reversed, and cause remanded,*
> *costs to be paid by the appellee.*