## THOMAS W. MARSHALL

*vs.*

## LAURA MARSHALL.

*Divorce proceedings: uncorroborated testimony of complainant insufficient; alimony and costs; relative means of the parties.*

A decree of divorce will not be granted upon the uncorroborated evidence of the complainant alone.          p. 694

The amendment of the law, relating to the competency of a husband and wife as witnesses, does not make proper the granting of a decree of divorce upon no other than their uncorroborated evidence.          p. 694

The failure of the defendant in a suit for divorce to call as a witness the person named in the bill, as the one with whom the bill alleged that the defendant had had the relations complained of, is not such a corroboration of evidence as to justify the granting of the divorce upon no other testimony than that of the complainant.          p. 694

Upon applications for divorce the Court, in granting or refusing alimony and in awarding costs, may consider the relative means of the parties.          p. 694

Certain exhibits filed in divorce proceedings, relating to the conduct and morals of the defendant, *were held* not to be admissible in evidence to corroborate the testimony of the plaintiff, where such evidence had not been in any way connected with the person because of whose alleged relations with the defendant the decree of divorce was prayed for.          p. 694

*Decided February 6th, 1914.*

Appeal from the Circuit Court of Baltimore City. (DUFFY, J.)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William Colton,* for the appellant.

*William A. Wheatly,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.