# LAURA MARSHALL

## *vs.*

# THOMAS W. MARSHALL, ET AL.

*Appeals*: *records; transmission of*—*; taxation of costs; costs not of record; liability for*—*; Code, Article 16, section 216.*

In transmitting a record to the Court of Appeals, *all* the costs up to that time accrued ought to be taxed, as provided by section 66 of Article 5 of the Code, and entered upon the record; but the clerk's omission to tax all the costs, and make such entry, does not affect the right of the party to collect the costs, to which, by a decree of the Court of Appeals, he is entitled.

p. 261

Section 216 of Article 16 of the Code, providing, in substance, that no decree for the payment of costs, or other decrees for the payment of money, shall be a lien, etc., unless the same be indexed, in a separate index, known as the "Index of Plaintiffs," applies only to decrees against plaintiffs, passed by courts of original jurisdiction, and does not apply to decrees of the Court of Appeals.

p. 262

The charge for carbon copies of the evidence is not a proper item of taxable costs.

p. 262

Ordinarily, execution is issuable out of the Court of Appeals for the enforcement of its judgments.

p. 262

*Decided November 13th, 1914.*

Appeal from the Circuit Court of Baltimore City. (DAW-KINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Wm. A. Wheatley,* for the appellant.

*William Colton,* for the appellee.

URNER, J., delivered the opinion of the Court.

By the decree of this Court passed on February 6th. 1914, in the appeal of Thomas W. Marshall v. Laura Marshall (122 Md. 694) the action of the lower Court in divorcing the parties *a vinculo matrimonii* was reversed, the bill of complaint dismissed and the appellee directed to pay the costs. The mandate issued in pursuance of the decree reached the clerk of the Circuit Court of Baltimore City, in which the suit originated, on or about February 26th, 1914. A few days later one of the clerk's deputies furnished on request a bill of costs to the solicitor for the appellee in that proceeding. The bill thus rendered included only the charges for docket entries, there having been no formal taxation at that time, on the docket, of the costs which had been incurred and paid by the appellant for the taking of testimony and the preparation of a transcript of the record to be sent here on the appeal. On March 5th, 1914, the appellee, through her solicitor, paid the incomplete bill of costs received from the clerk, and also the costs which had accrued in this Court. A supplemental bill was presented on March 9th to the appellee's solicitor for the previously omitted costs of the appellant, which had then been duly taxed. The appellee refused to pay this bill on the ground that her liability for costs under the decree of the Court of Appeals had been fully discharged by the payment of the bill first submitted. A writ of *fieri facias* was subsequently issued for the collection of the unpaid costs, and the present suit is for an injunction to restrain the execution.

It is not denied that the disputed costs had been actually and regularly contracted and paid, and that they were ascertainable from the proceedings, and that they would ordinarily be taxable and enforceable against the appellee under our mandate, but the contention is, in effect, that the right to collect these costs, which are considerable in view of the magnitude of the record, has been completely extinguished as the result of their inadvertent and temporary omission from the taxation on the docket and from the bill originally rendered the party charged with their payment. This would

amount to a discharge by accident and mistake of a formally decreed liability, and it is a theory which we decline to accept. The decision of this Court was that the appellee in the record then before us should pay the *costs of the case.* There could be no doubt or difficulty as to what was included in that requirement. It was not limited to such costs as might be stated in a bill prematurely made out and presented before a complete taxation had been made and entered of record. The costs for which the appellee was made liable by the decree were those which were properly *taxable,* and not merely those which happened to be actually taxed on the docket when the appellee's solicitor asked the Court for the bill shortly after the issuance of the mandate.

It would have been the proper practice, as directed by statute, to have entered upon the record for transmission to this Court all the costs which had accrued to the time of the appeal. Code, Art. 5, sec. 66. This is an important provision and should be invariably observed in order that the requisite information may be at hand for convenient reference when questions are raised as to the disposition of the costs in the cases brought before us for review. But the omission of the clerk to make the taxation and note it in the record could not affect the right of the appellant in the former case to collect the costs to which he was decreed to be entitled. There was no delinquency on the part of the appellant in the premises, and there has been no delay in the taxation, that could prejudice the appellee's interests in the slightest degree. The costs were taxed with reasonable promptness after the appeal was decided, and the party charged by our decree is unquestionably liable for their payment in full.

Another ground of defense urged in argument, though not mentioned in the bill for injunction, is that at the time of the issuing of the writ of *fieri facias* for the costs the name of the present plaintiff and former appellee had not been indexed as a prerequisite to the execution, in compliance with Section 216 of Article 16 of the Code, which provides:

"Whenever in any proceeding in a court of equity a decree for the payment of costs of any other decree for the payment of money is made by the court against a plaintiff, the clerk shall forthwith index the name of such plaintiff in a separate index, to be known as Index of Plaintiffs, and no lien under such decree shall arise against the real or leasehold property of such plaintiff, and no right of execution on such decree shall accrue until the name of such plaintiff is so indexed."

The decree of the Court below in the divorce suit was against the *defendant* for the payment of costs. It was not until the case reached the Court of Appeals that a decree for the costs was rendered against the *plaintiff*. Ordinarily execution is issuable out of this Court for the enforcement of any of its judgments. Code, Art. 5, sec. 70. The statute we have quoted was clearly intended to apply only to decrees against plaintiffs passed by Courts of original jurisdiction. The execution sought to be restrained was not issued upon such a decree, and the contention we are now considering must, therefore, be overruled.

It appears from the voucher for the payment of the costs taxed on account of the testimony that they include a charge, which is not separately stated, for carbon copies of the evidence furnished to the defendant in the divorce suit. This is not a proper item of taxable costs, and the plaintiff is entitled to have it eliminated. But there was no objection to the bill on this ground, when it was presented prior to the execution, and no such point is raised in the pending bill of complaint. It is now urged primarily for the purpose of having the collection of the costs as a whole restrained. In our opinion it would not be reasonable to allow the objection to have that effect. The taxation should be corrected by a suitable deduction for the carbon copies, but we can have no hesitation in affirming the decree below by which the bill of complaint was dismissed.

*Decree affirmed, with costs.*