## MARGARET S. DICUS

### *vs.*

## JACOB M. DICUS.

*Divorce: cruelty; plaintiff's testimony must be corroborated; adultery; offenses after dismissal of former bill.*

A decree of divorce will not be granted based upon the testimony of the plaintiff alone, without any corroboration.    p. 88

It is not necessary to establish the charge of adultery by direct proof; the offense may be proven, for the purposes of sustaining the allegations in a bill for divorce on that ground, by the proof of circumstances which justify the inference of guilt.
                                                                    p. 89

The dismissal of a bill for divorce which was sought on the ground of adultery can not be pleaded as a defense to a subsequent bill in which offenses subsequent to the former bill are alleged.                                          p. 90

A wife without adequate means should be awarded alimony *pendente lite,* regardless of the merits of the litigation.    p. 90

Application for an order to require the defendant to pay the plaintiff a sufficient sum for her costs and counsel fees for the prosecution of an appeal should be presented to the trial court.
                                                                    p. 90

*Decided June 28th, 1917.*

Appeal from the Circuit Court of Baltimore City. (Dawkins, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner and Constable, JJ.

*David Ash,* for the appellant.

*Morrill N. Packard,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant sued for a divorce from her husband, the appellee, on the grounds of cruelty and adultery, and this appeal is from a decree dismissing the bill of complaint.

The only evidence in support of the charge of cruelty was the appellant's own testimony, and that was contradicted by the appellee. There was no corroboration in any form of the wife's statements as to the mistreatment of which she complained. In a suit for divorce a decree can not be entered upon the testimony of the plaintiff alone, but corroborative proof is requisite. *Code,* Art. 35, sec. 4; *Tomkey* v. *Tomkey,* 130 Md. 294; *Marshall* v. *Marshall,* 122 Md. 694; *Twigg* v. *Twigg,* 107 Md. 677. The allegation of cruelty, therefore, is not sufficiently sustained to justify a decree of divorce on that ground.

With respect to the charge of adultery we have reached a different conclusion. In our opinion the proof points convincingly to the husband's infidelity. It is shown and admitted that he is living in the same house with the woman who is named in the bill as the person with whom the alleged adultery was committed. This woman, according to the decided weight of the testimony, has a bad reputation for chastity. She was embraced and caressed by the appellant's husband on a number of occasions in the presence of a caller at the house, who testified to that effect. It is proven by another disinterested witness that the co-respondent surreptitiously left the appellee's house one afternoon by the back way, while his wife and family were away from home. Just before the woman left the house, as it was testified, the appellee went to the back gate and looked up and down the alley, through which she immediately afterwards took her departure. They were twice alone together for the greater part of the day at an untenanted house of the appellee in the

country. On one of these occasions he was heard to address a term of endearment to her when she called to him from an upper room to bring some water. He was once heard to talk to the woman so immodestly that she protested with the remark that a visitor, before whom the language was used, might think that she was being kept by the appellee. His associations with the co-respondent were begun long prior to the final separation between himself and his wife in October, 1913, and have continued to the present time. He is the only male lodger in the house which the woman occupies with her sister and niece. The sister's reputation for chastity has also been impeached.

The proof in this case is clear as to the existence of the disposition and opportunities from which the commission of the adultery charged is to be inferred. It is not necessary, and it is usually impossible, that direct evidence of the fact of adultery shall be offered. The offense may be proven by circumstances which justify the inference of guilt. *Shufeldt* v. *Shufeldt,* 86 Md. 529; *Thiess* v. *Thiess,* 124 Md. 295; *Kremelburg* v. *Kremelburg,* 52 Md. 553; *Rasch* v. *Rasch,* 105 Md. 506; *Robins* v. *Robins,* 121 Md. 695. The conduct of the appellee and co-respondent, as described in the testimony, their familiarities and embraces, his open immodesty of language in addressing her, their clandestine movements when they were alone at his house, her reputation for lack of virtue and his position and opportunities as an inmate of her home, lead us irresistibly to a conviction as to the adulterous nature of their relations.

This is the second suit by the appellant for divorce from her husband on the ground of adultery with the same co-respondent who is named in the present bill. The first suit was instituted immediately after the final separation of the parties in 1913. That suit resulted in a decree dismissing the bill for insufficiency of proof. There was no appeal from that decree, and it is relied upon as a former adjudication of the question involved in the pending suit. This defense is not sustainable. Whatever effect the former decree might be

held to have in precluding a divorce for adultery alleged to
have been committed before that decision, it certainly cannot
have the effect of shielding the appellee from the legal con-
sequences of the subsequent commission of such an offense.
The testimony in the case now before us relates to incidents
which have occurred and conditions which have existed since
the prior decree was rendered. Some of the evidence refers
to circumstances proven in the former case, but this was ad-
missible as reflecting upon their later conduct. *Shufeldt* v.
*Shufeldt, supra.* Upon the testimony as a whole we are satis-
fied that adultery of the husband since the dismissal of the
final bill has been sufficiently proved and that the wife is
therefore entitled to an absolute divorce.

The decree under review, in disposing of the pending suit,
refused the prayer of the bill for an allowance of alimony
*pendente lite,* although it required the defendant to pay a
fee for the plaintiff's solicitor. The record does not disclose
any reason for excepting the case from the settled rule that
a wife without adequate means should be awarded alimony
*pendente lite* regardless of the merits of the litigation. *Crane*
v. *Crane,* 128 Md. 214; *Buckner* v. *Buckner,* 118 Md. 263.

Application has been made to this Court for an order
requiring the appellee to pay the plaintiff a sufficient sum
for her costs and counsel fee in the prosecution of the appeal.
This was a question over which the Court below had jurisdic-
tion after the appeal was entered. *Crane* v. *Crane, supra;*
*Outlaw* v. *Outlaw,* 122 Md. 695; *Rohrback* v. *Rohrback,* 75
Md. 318; *Buckner* v. *Buckner, supra.* The application
should have been made to the trial Court, and if it had been
presented there, we have no reason to doubt that it would
have been given due consideration.

The decree will be reversed and the cause remanded for a
decree of divorce *a vinculo matrimonii* and for such allow-
ances of alimony, under the prayers of the bill, as the Court
below may determine to be proper.

*Decree reversed, with costs, and cause remanded.*