WILLIAM LYTWINICK *v.* FRANCES LYTWINICK

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 89848

Memorandum filed December 7, 1959

*Nathan Goldberg,* of New Haven, for the plaintiff.

*Pouzzner & Hadden,* of New Haven, for the defendant.

MACDONALD, J.   This action for annulment or divorce and custody of a minor child was brought by the plaintiff-husband by writ returnable the first Tuesday of March, 1959. Defendant-wife, by motion dated March 31, 1959, requested an allowance to defend, but this motion was not heard in open court, being, instead, discussed informally in chambers with the result that it was decided by counsel to allow the motion to go off and renew it at time of trial. It is undoubtedly true that defendant's counsel performed valuable services for defendant both

before and after this discussion for which he expected eventually to attempt to collect from plaintiff.

However, on October 23, 1959, before the commencement of trial, plaintiff withdrew his action without any prior notice to defendant or her counsel, who, feeling aggrieved, filed a motion for allowance to defend on November 5, 1959, after such withdrawal. At the suggestion of the court, a hearing on this motion was postponed until defendant also had filed a motion to restore the case to the docket so that any claim that the court was without jurisdiction to hear the motion for allowance could be resolved at the same hearing, which was subsequently held on both motions on November 20, 1959.

After consideration of the law cited by counsel during argument, the court is of the opinion that it has continuing jurisdiction to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal, but that it must first reinstate it on the docket before granting the relief sought. This seems implicit from the language of our Supreme Court in *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 170, where it states: "The situation as regards the jurisdiction of the court to proceed further in the matter after an action has been voluntarily withdrawn is strictly analogous to that presented after the rendition of a final judgment or the erasure of a case from the docket. The court unless it is restored to the docket cannot proceed with it further but, the action still being in court, it has not gone entirely beyond the jurisdiction of the court to act in it. Thus if the parties should stipulate that despite the withdrawal the case should continue on the docket, or if it should be restored on motion of the plaintiff and the defendant should thereafter expressly or by implication waive any claim of lack of

jurisdiction, the court could properly proceed with it. *Weisguth* v. *Supreme Tribe of Ben Hur*, 272 Ill. 541, 543, 112 N.E. 350; *Young Mines Co., Ltd.* v. *Blackburn*, 22 Ariz. 199, 204, 196 Pac. 167. There is no reason why the court has not jurisdiction upon a proper showing to restore to the active docket a case which has been voluntarily withdrawn, just as it can open a judgment or restore to the docket a case which has been erased."

That such procedure would have to be followed in the specific situation involved here would appear from the following language of the court in *Morgan* v. *Morgan,* 104 Conn. 412, 416: "The Superior Court has power in cases of this character to make allowances for the defense of the action by the wife at any time before the entry of final judgment, or pending appeal, but when lack of jurisdiction is established by the entry of a final judgment, the further judicial act of making an allowance would be a nullity and could not be enforced. This is in harmony with those decisions which hold that the order for allowance may be made while the appeal is pending. *Rohrback* v. *Rohrback,* 75 Md. 317, 318, 23 Atl. 610; *Lewis* v. *Lewis,* 83 Wash. 671, 145 Pac. 980; *McBride* v. *McBride,* 119 N.Y. 519, 23 N.E. 1065; *Dicus* v. *Dicus,* 131 Md. 87, 101 Atl. 697; *Craig* v. *Craig,* 115 Va. 764, 80 S.E. 507. As we read them, none of those cases go so far as to hold that the allowance can be made after the entry of a strictly final judgment. Even where the question is not a jurisdictional one, as in the instant case, it is the general rule that an allowance will not be granted after the appeal has gone to a final decision. 'The purpose of the statute is to furnish the wife means to carry on her action or to defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to

pay expenses already incurred.' *Beadleston* v. *Beadleston,* 103 N.Y. 402, 405, 8 N.E. 735; 19 Corpus Juris, 231, (note) 233."

On the other hand, there is no doubt that the court should exercise its discretion to restore a case to the docket for further action upon such a motion if rights of the defendant acquired by reasons of such action would be injuriously affected by such withdrawal. *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 673. So the question to determine here is whether or not the defendant had any right to receive an allowance to defend which was injuriously affected by the withdrawal.

It was early held in this state that an attorney has no claim upon a husband for services and disbursements in defending his wife against a divorce action brought by the husband, and that the only way of securing such payment from the husband is by an order of the court for a sufficient allowance for the purpose. *Cooke* v. *Newell,* 40 Conn. 596, 597 (1874). Whether an allowance to defend should be allowed or not is within the sound discretion of the trial court, and may be ordered from time to time as the exigencies of the case may require. *Valluzzo* v. *Valluzzo,* 104 Conn. 152, 155. The basis for such an allowance is that the wife should not be deprived of her rights because she lacks funds. *Steinmann* v. *Steinmann,* 121 Conn. 498, 505.

Here, the trial court never passed upon the question whether the exigencies of the situation required an allowance to defend, nor was the defendant deprived of her rights for lack of funds. She was, in fact, so capably defended during the preliminary motions in this case that the action against her was withdrawn by plaintiff before she had obtained a right to an allowance to defend by order of the court. At the time of such withdrawal, therefore,

she had no right to such an allowance of which the withdrawal deprived her or which it injuriously affected. This line of reasoning appears to be in accord with the case of *Salonia* v. *Salonia,* 16 Conn. Sup. 86, 88.

Public policy demands that lawsuits once withdrawn, especially actions for divorce, should not be restored to the court docket except to prevent an obvious destruction or impairment of a right in another created by such action. This is not such a case.

Defendant's motion to restore and motion for allowance to defend are both denied.