COMMISSIONER OF REVENUE SERVICES *v.*
ESTATE OF DAPHNE CULPEPER
(3318)

BORDEN, SPALLONE and DALY, Js.

Argued April 12—decision released June 11, 1985

*Robert A. Fuller,* for the appellants (intervenors Kalman Nulman and Joseph Weill).

*John M. Dunham,* for the appellee (plaintiff).

PER CURIAM. The commissioner of revenue services appealed to the Superior Court from an order and decree of the Norwalk Probate Court finding that no succession tax was due to the state of Connecticut from the estate of Daphne Culpeper (estate). In his reasons of appeal, the commissioner stated that the decedent left the residue of her estate to an alleged charitable foundation to be formed after her death. Inasmuch as the charitable foundation was not structured within five years after her death as required by General Statutes § 12-347, the commissioner claimed that the estate is liable for succession taxes in an amount exceeding one million dollars.

Kalman Nulman and Joseph Weill (the applicants), are former co-executors of the estate, who were removed because of their alleged failure timely to form

the charitable foundation. They sought to intervene in the appeal to the Superior Court, claiming that they may be personally responsible for any succession tax which may be recovered against the estate. From the trial court's denial of their motion to intervene, they have appealed to this court.

Subsequent to oral argument of this appeal, we learned that the Superior Court case in which the applicants sought to intervene has been withdrawn.[1] Therefore, the applicant's appeal is moot. See *Jones* v. *Ricker,* 172 Conn. 572, 375 A.2d 1034 (1977).

The appeal is dismissed.

---

[1] The commissioner's withdrawal was filed on May 2, 1985, in *Commissioner of Revenue Services* v. *Estate of Daphne Culpeper,* Superior Court, Judicial District of Stamford-Norwalk, No. 83 0064 322S.