MARY LOU MATEY *v.* CITY OF WATERBURY ET AL.
(8964)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued December 13 1990—decision released February 12, 1991

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles Overend,* assistant attorney general, for the appellant (second injury and compensation assurance fund).

*Laurence V. Parnoff,* with whom, on the brief, was *David A. Scalzi,* for the appellee (plaintiff).

FOTI, J. This is an appeal by the state second injury and compensation assurance fund (fund) from the denial of its motion to intervene and motion to open and set aside the denial.[1]

This case is related to *Matey* v. *Estate of Dember,* 210 Conn. 626, 556 A.2d 599 (1989), and the facts underlying both actions are as follows. The plaintiff, Mary Lou Matey, was injured in a two car accident in Waterbury on August 9, 1984. At the time of the accident, she was a home health care worker employed by an elderly woman, Sarah Dember, who died shortly after the accident. Although Matey was acting in the course of her employment at the time of the accident, her employer did not carry workers' compensation insurance. On July 8, 1985, Matey filed a claim for workers' compensation benefits and sent a copy of the claim to the attorney representing the estate of Sarah Dember. The state treasurer participated in the formal hearing on behalf of the fund because of its potential liability under General Statutes § 31-355.[2] The workers' com-

---

[1] The denial of a motion to intervene is a final judgment for purposes of appealability if the would-be intervenor has a colorable claim of a right to intervene. *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 536, 582 A.2d 1174 (1990). Such a colorable claim has been made pursuant to General Statutes § 31-352.

[2] General Statutes § 31-355 provides: "(a) When an award of compensation shall have been made under the provisions of this chapter against an employer who fails or is unable to pay the medical and surgical aid or hospital and nursing service required under section 31-294 or any type of compensation for disability, or both, whether for total or partial disability of a per-

pensation commission found the fund liable, and on appeal the compensation review division affirmed the commissioner as to liability but remanded the case for further proceedings to determine the appropriate level of benefits. This remand required the taking of new evidence. On appeal, our Supreme Court dismissed the matter; *Matey* v. *Estate of Dember,* supra; for lack of a final judgment because the remand order required the agency to conduct further evidentiary proceedings.

manent or temporary nature, death benefit, funeral expense, dependency allowance, or any adjustment in compensation required by this chapter, hereafter referred to as 'the compensation' and whose insurer fails or is unable to pay the compensation, such payments shall be made and compensation provided from the second injury and compensation assurance fund established in section 31-354. Upon finding by the commissioner of such failure to pay compensation, he shall give notice to the treasurer of such award, directing the treasurer to make payment from said fund. The employer and the insurer if any shall be liable to the state for any such payments made out of said fund or which the state has by award become obligated to make from said fund, together with cost of attorneys' fees as fixed by the court. If reimbursement is not made, or a plan for payment to the fund has not been agreed to by the treasurer and employer, within ninety days of any such payment from the fund, the attorney general shall bring a civil action, in the superior court for the judicial district where the award was made, to recover all amounts paid by the fund pursuant to such award, plus double damages together with reasonable attorney's fees and costs as taxed by the court. Any amount paid to the treasurer by such employer or insurer after the filing of such action but prior to its completion shall be subject to an interest charge of eighteen per cent per annum, calculated from the date of original payment from the fund. Any recovery made under this section, including any recovery for costs or attorney's fees, shall be paid into the fund. Any administrative or other costs or expenses incurred by the attorney general in connection with carrying out the purposes of this section, including the hiring of necessary employees, shall be paid from the fund. The treasurer shall adopt regulations, in accordance with the provisions of chapter 54, which describe what constitutes a proper and sufficient 'plan for payment to the fund' for the purposes of this subsection.

"(b) Notwithstanding the provisions of subsection (a) of this section, whenever the employer's insurer has been determined to be insolvent, as defined in section 38-275, such payments shall be the obligation of the Connecticut Insurance Guaranty Association pursuant to the provisions of chapter 687."

While the workers' compensation matter was pending, the present complaint was filed by the plaintiff against the municipal defendants[3] which claimed that the city of Waterbury had not properly maintained and designed the intersection where the accident occurred. On November 14, 1988, the fund filed a motion to intervene which the trial court, *Flynn, J.,* denied[4] on May 3, 1989. A motion to open and set aside the denial to intervene was denied by the court, *Langenbach, J.,* on February 21, 1990.[5] On March 12, 1990, the fund filed this appeal. At no time did the fund file a motion to stay proceedings pending appeal. On December 4, 1990, the plaintiff filed a withdrawal of her action with the clerk of the Waterbury Superior Court.

As a preliminary matter, we must first determine whether this appeal has become moot by reason of the withdrawal.

Initially, we point out that the fund was never a party to this action and that the automatic stay of "proceedings to enforce or carry out the judgment" effected by the filing of an appeal; Practice Book § 4046; is inapplicable. Further, no application was made pursuant to Practice Book § 4047 to stay the order of the trial court where there is no automatic or other statutory stay available.

A plaintiff may withdraw any action as of right before the commencement of a hearing on the merits thereof; General Statutes § 52-80; and does not need the permission of the court for cause shown if a hearing on

---

[3] In addition to the city of Waterbury, the other named defendants are the board of police commissioners, the superintendent of police, and the traffic engineer of the city of Waterbury.

[4] No reasons were given. The plaintiff's objection to the motion to intervene stated that "intervention is not authorized by Section 31-355." The fund did not seek an articulation.

[5] Reasons for the denial were not given. The fund did not seek an articulation.

an issue of fact has not commenced. *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.*, 194 Conn. 400, 404, 480 A.2d 552 (1984). Such a withdrawal, the right of which is absolute and unconditional; *Housing Authority* v. *Hird*, 13 Conn. App. 150, 157, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988); may, in a matter where a party has been denied a request to intervene, cause that party's appeal from such denial to become moot. *Commissioner of Revenue Services* v. *Estate of Culpeper*, 4 Conn. App. 249, 250, 493 A.2d 297 (1985). The court, however, "has continuing jurisdiction to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal, but . . . it must first reinstate it on the docket before granting the relief sought." *Lytwinick* v. *Lytwinick*, 21 Conn. Sup. 497, 498, 157 A.2d 494 (1959). There is no reason why the trial court does not have jurisdiction to restore a case that has been voluntarily withdrawn to the active docket, just as it can open a judgment or restore to the docket a case that has been erased. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation*, 123 Conn. 166, 170, 193 A. 204 (1937).

The fund claims that it has a vested right to join in this action to seek reimbursement, which it acquired during the pendency of this action and prior to its withdrawal. The trial court cannot proceed with it further, unless it is restored to the docket. The question to be determined, therefore, is whether the fund had the right to intervene, which right was injuriously affected by the plaintiff's withdrawal. See *Bristol* v. *Bristol Water Co.*, 85 Conn. 663, 673, 84 A. 314 (1912). Although this analysis appears to put the cart before the horse, it is not illogical under the circumstances. If the fund had been allowed to intervene, the plaintiff would not have been allowed to withdraw without the fund's agreement. An improper denial of that right prevented the

fund as a party to the action from so objecting. This determination requires us to address the merits of the appeal.

The fund argues on appeal that General Statutes § 31-352[6] authorizes it to join in an action when it has paid, or by award has become obligated to pay, compensation out of the fund. The fund admits that it has only a potential obligation to pay benefits, but it points to a line of cases that supports the proposition that such a potential obligation is sufficient to allow intervention. The plaintiff objected to the motion to intervene claiming that the fund had "no standing to intervene because it had not yet become obligated to pay any benefits to or on behalf of Mary Lou Matey." Although the court failed to disclose its reasoning in denying the motion to intervene and refusing to open and set aside, we must conclude that it acted on the basis of the plaintiff's objection, as no claim of untimeliness was made, nor does the record support such a claim.

We need not determine whether a potential obligation to pay benefits under General Statutes § 31-352 gives the fund a right to intervene because the record discloses that the fund had an *actual* obligation to pay benefits to Matey. In the initial compensation benefit action, the workers' compensation commissioner found that the fund was liable for benefits to Matey. On appeal, the compensation review division affirmed the determination of liability remanded the matter " 'only on the specific issue of the equivalent monetary value of the weekly room and board.' " *Matey* v. *Estate of Dember,* supra, 629. In dismissing the appeal as premature on April 11, 1989, the Supreme Court did not disturb the compensation review division's affirmation of

---

[6] General Statutes § 31-352 provides: "The provisions of section 31-293 shall apply to any such payments and the treasurer is authorized to bring an action, or join in an action as provided by said section, when he has paid, or by award has become obligated to pay, compensation out of the fund."

liability of the fund to pay benefits. Therefore, the fund had a current obligation to pay benefits, and not a merely potential one, as of the date that the trial court denied the fund's motion to intervene on May 3, 1989. The fund had become obligated to pay compensation, pursuant to General Statutes § 31-352, and was entitled to "join in an action" in order to seek reimbursement from a third party, in this case the municipal defendant.

The judgment is reversed and the case is remanded with direction to grant the motion to intervene subject to the exercise of the court's discretion in allowing the restoration of this matter to the active docket.[7]

In this opinion the other judges concurred.

---

[7] The plaintiff's motion to dismiss the appeal because of mootness is denied.