[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
APPEARANCES:
THE COURT: I have some opinions that I wish to announce from the bench. And concerning these opinions I am going to ask in each insurance the monitor type up the opinions, with sufficient copies for Counsel of record, and I will see the monitor in chambers after I finish this.
The first case is entitled, Matey versus The City of Waterbury. It's docketed CV 86-077322. This is a Memorandum of Decision that the Court is announcing from the bench in view of the fact that the Court is cognizant that Counsel are awaiting a decision on the question of the need for a Motion to Restore to the Docket following a remand from the Appellate Court, and the Court has been hampered in not being able to issue a written opinion because of the lack of secretarial support.
In any case, the sole question presented is the procedural necessity for this Motion to Restore and whether such a motion must be filed within four months after the Appellate Court's decision entitled: Mary Lou Matey versus the City CT Page 604 of Waterbury, 24 Conn. App. 93 (1991), cert. was denied at 218 Conn. 908 (March 14, 1991). This Motion to Restore was filed by the fund October 7, 1991, almost 7 months after the denial of certification by our Supreme Court.
While the significant procedural facts of this case are set forth in the Appellate Court Opinion and the briefs pertinent to this motion, we think it necessary to observe that the Fund's Motion to Intervene dated November 14, 1988 was denied May 3, 1989 and its motion to open and set aside that denial was likewise denied February 21, 1990. Immediately, thereafter, on March 12, 1990, the Fund appealed to the Appellate Court and while that appeal was pending the plaintiff and the Defendant City resolved the plaintiff's claim and the case was voluntarily withdrawn December 14 1990 without the participation of the Fund.
We read the Appellate Court's recent opinion in this matter to mean that the Fund had acquired a vested right to intervene in this matter prior to the plaintiff's and defendants settling the case and voluntarily withdrawing it. Matey at pages 97 to 99. The Appellate Court, in dismissing as moot, Matey's Motion to Dismiss the Fund's appeal based on withdrawal of the action in the trial court, recognized that it had jurisdiction. Matey, footnote 7; Memorandum In Support of Plaintiff's Objection to Defendant's Motion to Restore to the Dockey, at page 2.
The Appellate Court, in reversing this Court's judgment in denying the Fund's Motion to Intervene, remanded the case with direction to grant the Motion to Intervene subject to the exercise of the Court's discretion in allowing the restoration of this matter to the active docket. Matey at 99. After that remand, there was no action taken by this Court to trigger the four month rule and we are of the opinion that we have jurisdiction to determine whether the matter ought to be restored to the docket, even without a formal motion. In our opinion, the clerk ought to have scheduled the case for a hearing upon the remand being received. Certainly the Fund's trial court motions and appeal are sufficient indications to us of the Fund's desire to have the case restored to the docket. Since we deem the CT Page 605 Fund's Motion to Restore as being unnecessary, we conclude upon this record that the question of its timeliness is not material to our decision
In light of the Fund's obligations, as described by the Appellate Court in its most recent opinion in this matter, we are persuaded to order the case restored to the docket. An order may enter accordingly
WILLIAM P. MURRAY, JUDGE