[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case raises the issue whether a plaintiff who has withdrawn an action may obtain court action on a motion filed after the withdrawal.
The court finds that the plaintiff, New Haven Savings Bank, in March 1992 filed this action seeking to foreclose its mortgage as to a property known as 270 Howard Avenue, New Haven. The plaintiff's motion to appoint a receiver of rents was granted on May 11, 1992. The defendant mortgagor, Ahmed M. Roble, filed a CT Page 10250 petition in bankruptcy; however, the bankruptcy court granted a motion for relief from stay as to the foreclosure action on December 1, 1992. A judgment of strict foreclosure was entered on March 1, 1993. On September 27, 1993, the plaintiff withdrew the foreclosure action. Three days later, on September 30, 1993, the plaintiff moved for acceptance of the report of the receiver of rents, which consists only of a "balance" sheet and "profit and loss statement" with a heading indicating that the figures set forth apply to the period from August 1, 1993 through August 31, 1993.
The defendant has objected to the motion, and this court must determine whether it can act upon a motion that pertains to an action that has been withdrawn. An action may be withdrawn pursuant to 52-80 C.G.S. While it does not appear that the plaintiff obtained leave of the court before withdrawing the case on September 27, 1993, the defendant has not raised such an omission as an issue. The plaintiff has filed no motion to restore the case to the docket but apparently takes the position that its motion can be acted upon without such restoration.
Where a case has been withdrawn, "[t]he court unless it is restored to the docket cannot proceed with it further" unless and until the case has been restored to the docket either by stipulation or upon the granting of a motion to restore it "upon a proper showing." Lusas v. St. Patrick's Roman Catholic Church Corp., 123 Conn. 166, 170 (1937); Matey v. Waterbury, 24 Conn. App. 93,97 (1991). As the Appellate Court stated in H.G. Bass Associates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 431
(1992), a plaintiff's withdrawal of an action "effectively erased the court slate clean as though the action had never been commenced. . ."
Additionally, 509 P.B. provides that "[t]he court in which an action is pending, or the appointing judge, may make such orders for the governance of the receiver as circumstances require." [emphasis supplied]. Since a withdrawn action cannot be said to be currently "pending," this court is without present authority to enter orders concerning the receiver.
The plaintiff's motion for acceptance of the receiver's report is denied, since the plaintiff seeks relief in a case that has been withdrawn and that has not been restored to the docket.
Beverly J. Hodgson, Judge CT Page 10251