[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#108)
The defendants, Joseph F. Budny, James K. Robertson and CT Page 9026 Carmody Torrance have moved to dismiss this action brought by Robert L. Hughes on the grounds that there is a prior action pending in the Superior Court at Waterbury, #128305. A motion to dismiss is the proper method for asserting the existence of a prior pending action. Conti v. Murphy 23 Conn. App. 174, 177;Halpern v. Board of Education, 196 Conn. 647, 652.
The plaintiff commenced the Waterbury action by writ, summons and complaint dated August 16, 1995; with a return date of September 12, 1995. The defendants filed an answer with three special defenses to the plaintiff's complaint on October 20, 1995; on October 27, 1995, the plaintiff filed a reply to the defendant's special defenses, and thereby closed the pleadings. In that matter, the plaintiff failed to file a timely claim for the jury list in accordance with Connecticut General Statutes § 52-215. The plaintiff, thereafter, filed two withdrawal of actions dated February 28, 1996 and March 4, 1996 pursuant to Connecticut General Statutes § 52-80. By writ, summons and complaint dated February 27, 1996, the plaintiff commenced this civil action against the defendants returnable to the Litchfield Superior Court.
In all material respects, the complaints in the instant action and in the Litchfield action assert identical factual and legal claims against the defendants. The defendants filed an answer dated April 26, 1996, which contained three (3) special defenses to the plaintiff's complaint; and on April 29, 1996, the plaintiff filed an identical reply to the defendants' special defenses. The plaintiff filed a timely claim for the jury list in accordance with Connecticut General Statutes § 52-215.
On May 20, 1996 the defendants filed a motion to restore the Waterbury action to the active docket. The basis for the motion was that the plaintiff had utilized the withdrawal privileges in General Statutes § 52-80 to improperly circumvent the time limitations mandated in General Statutes § 52-215 for claiming a case for a jury trial.
By a Memorandum of Decision dated October 15, 1996, the Court (Leheny, J.) concluded that "[f]rom the facts presented, the court believes the defendant acquired vested rights prior to the plaintiff's withdrawal of the original action and that the plaintiff has used the withdrawal privileges set forth in General Statutes § 52-80 in an attempt to circumvent the time mandates of General Statutes § 52-215," and granted the CT Page 9027 defendant's motion to restore.
The defendants claim that because the Waterbury action was commenced prior to the instant action, and is now on the active docket in the Waterbury Judicial District, the instant action is properly dismissed under the prior pending action doctrine.
While a motion to dismiss is the proper method for asserting the existence of a prior pending action, Conti v. Murphy, supra at 177; Regional Refuse Disposal District One v. Town ofColebrook, 10 Conn. L. Rptr. No. 6, 184 (1993) (Pickett, J.), it must be filed before any other motion or pleading addressed to the complaint. Practice Book § 112. The filing of an answer waives the right to file a motion to dismiss.
"In all cases, when the court does not otherwise order the filing of any pleading provided for by the preceding section, it will waive the right to file any pleading which might have been filed in due order and which precedes in the order of pleading provided in that section." Practice Book § 113. Likewise, a motion to dismiss must be filed within thirty days of the filing of an appearance. Practice Book § 142. The defendants did not file the motion to dismiss until October 25, 1996, long after their appearance and the filing of an answer on April 26, 1996 and have thereby waived the right to file a motion to dismiss.
The fact that there was at one time an action which "is between the same parties, is the same character, and has been brought to achieve the same objective," Halpern v. Board ofEducation, 196 Conn. 647, 652, 495 A.2d 264 (1985), does not abate the current action "if that former action is terminated at any time prior to the hearing on a plea in abatement in the second action . . ." Gauchi v. Round Hill Dairy, Inc., 3 Conn. Sup. 14,15 (1935); Blythe v. Rupf, 6 Conn. Sup. 195, 196 (1938); GerberMetal Supply Co. v. Radnor Manufacturing, Inc., 2 CSCR 186, 187
(1986); Michaely v. Mianus Marine, Inc., 2 CSCR 836, 837 (1987);Tedford v. 1718 Boston Post Road Ltd., 8 CSCR 250 (1993); Parsonsv. The Connecticut Light and Power Co., 1 Conn. Ops. 250 (1995) (Pickett, J.).
In this case, the defendant has expressly asserted that the earlier action, in the Superior Court at Waterbury, was withdrawn before this action was filed. That action was restored to the Waterbury docket — on the motion of the defendant after this suit had been served, filed, and claimed to the trial list. CT Page 9028 Thus, when this action was served, filed and claimed to the trial list, there was no other pending action between these parties. Although the defendant has caused another action to come into being in another court, that event took place after this matter was served, filed and put on the trial list. Thus, the case in Waterbury is not prior to this one.
The case of Kantrowitz v. Clipfel, 21 Conn. Sup. 371, is readily distinguishable. In Kantrowitz, the plaintiff failed to file a timely claim for a jury trial. Id. The plaintiff, thereafter, attempted to amend his complaint, and claim the case to the jury docket. Id. at 371-72. The Court denied the plaintiff the opportunity to amend his complaint, and consequently, the case was stricken from the jury docket. Id. The next day on the eve of trial, the plaintiff filed a voluntary withdrawal, and commenced a new suit for the same claims that were set out in the original complaint. Id. In granting the defendant's motion to restore the original case to the active docket, the court reasoned:
 "The immediate commencement of a new suit for the same cause of action raises a serious question of abuse of the privilege granted to a litigant under the law. . . . The court is of the opinion that substantial rights of the defendants were acquired by reason of the action, including but not limited to their right . . . to a speedy trial of the issues already framed and to the recovery for their costs."
Kantrowitz, 21 Conn. Sup. at 373.
In this case, no substantial rights of the defendants have been acquired or affected. Neither case has been assigned for trial or even pretrial.
While not before it, this Court has reservations concerning the restoration of the Waterbury case. General Statutes §52-80 provides in part that "the plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof." As stated inMatey v. Waterbury, 24 Conn. App. 93, at 96:
A plaintiff may withdraw any action as of CT Page 9029 right before the commencement of a hearing on the merits thereof; General Statutes § 52-80; and does not need the permission of the court for cause shown if a hearing on an issue of fact has not commenced. Barra v. Ridgefield Card Gift Gallery, Ltd., 194 Conn. 400, 404, 480 A.2d 552 (1984). Such a withdrawal, the right of which is absolute and unconditional; Housing Authority v. Hird, 13 Conn. App. 150, 157, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988); may, in a matter where a party has been denied a request to intervene, cause that party's appeal from such denial to become moot. Commissioner of Revenue Services v. Estate of Culpeper, 4 Conn. App. 249, 250, 493 A.2d 297 (1985).
See also, Housing Authority v. Hird, supra, 157.
If this court grants the present motion to dismiss and it was subsequently determined that the Waterbury case should not have been restored, the plaintiff will have been precluded of any right to a jury trial since none was made in the prior action. In the opinion of this court, the proper procedure is for the plaintiff or the defendants to move to transfer one of the cases so that they may be companionized and the decision as to whether the matter be tried to a court or jury will be left to the trial judge. In that event, the plaintiff's claim of a right to jury trial would be preserved regardless of the ultimate decision.
For the reasons stated, the motion to dismiss is denied.
PICKETT, J.