# JOHN J. PITCHELL *v.* CITY OF HARTFORD ET AL.
## (AC 16267)

Foti, Lavery and Schaller, Js.

Argued May 2—officially released September 23, 1997

*Timothy Brignole,* for the appellant (plaintiff).

*Henry C. Ide,* for the appellee (defendant Gregory Sargis).

*Opinion*

SCHALLER, J. The plaintiff, John J. Pitchell, appeals from the judgment of the trial court dismissing his action against the defendant Gregory Sargis, a police officer in the city of Hartford, on the ground of insufficient service of process. The plaintiff also appeals from the decision of the trial court granting Sargis' motion to open the default judgment entered on October 30, 1995. We affirm the judgment of the trial court.

The following facts are relevant to a determination of this case. The plaintiff, by writ, summons and complaint dated May 31, 1994, brought suit against Sargis, James F. Callan, also a Hartford police officer, and the city of Hartford (city). The plaintiff alleged, as to Sargis, that Sargis was negligent in failing to prevent Callan from shooting him in the course of an incident on June 19, 1987. The return date of the action was June 28, 1994. The plaintiff attempted to make service on Sargis under General Statutes § 52-59b (c)[1] by having the sheriff leave a copy of the writ, summons and complaint with the

---

[1] General Statutes § 52-59b provides in relevant part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . .

secretary of the state and by sending a certified letter to Sargis at an address in Arizona where the plaintiff believed he was living. The certified letter was returned unopened with a notation "Return to Sender, No Forward Order on File, Unable to Forward."

On June 28, 1994, the law firm of Halloran & Sage filed an appearance on behalf of "all defendants," namely, the city and the two individual defendants. Three days later, on July 1, 1994, Halloran & Sage filed an amended appearance, on behalf of the city alone. On July 5, 1994, the plaintiff moved for a default for failure to appear as to Sargis and Callan. The motion was accompanied by a military affidavit dated July 5, 1994, indicating that Sargis was employed as a police officer for the city of Phoenix, Arizona, and resided there. That motion was denied on July 7, with a notation suggesting that he "move for a statutory continuance or for providing of actual notice of out-of-state defendant."

On October 27, 1994, the plaintiff moved for a default against Sargis for failure to appear. The motion was denied. Shortly thereafter, on November 9, 1994, Halloran & Sage moved to withdraw its appearance on

who in person or through an agent . . . (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act . . . .

"(b) Where personal jurisdiction is based solely upon this section, an appearance does not confer personal jurisdiction with respect to causes of action not arising from an act enumerated in this section.

"(c) Any nonresident individual . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary. . . ."

behalf of Sargis and Callan. Halloran & Sage asserted, in essence, that the sole basis for the motion was that its original appearance on behalf of the two individuals had been an error because it would be a conflict of interest to represent them. That motion was accompanied by a certification from an attorney in the law firm that Sargis had been notified of the pendency of the motion and of his rights pursuant to Practice Book § 77 (d)[2] by a notice mailed to him at 3202 West Bell Road, apartment 2225, Phoenix, Arizona.[3] The trial court, *Langenbach, J.*, granted the motion to withdraw on November 21, 1994, relying on the documents provided by Halloran & Sage, which included the certification that Sargis had been notified at his address in Arizona. On August 7, 1995, the plaintiff filed a motion for default for failure to appear against Sargis. In that motion, the plaintiff twice asserted that the original appearance by Halloran & Sage had been "in error." Sargis was

[2] Practice Book § 77 (d) provides in relevant part: "Withdrawal of Appearance . . .

"(d) Except as provided in subsections (a), (b) and (c), no attorney shall withdraw his appearance after it has been entered upon the record of the court without the leave of the court. No motion for such withdrawal shall be granted until the court is satisfied that reasonable notice has been given to the party or parties represented by the attorney and to other attorneys of record. A motion to withdraw shall include the last known address of any party as to whom the attorney seeks to withdraw his appearance and shall have attached to it a notice to such party advising him of the following: (1) the attorney is filing a motion which seeks the court's permission to no longer represent the party in the case; (2) if the party wishes to be heard, he or she should contact the clerk's office to find out the date and time of the hearing; (3) the party may appear in court on that date and address the court concerning the motion; (4) if the motion to withdraw is granted, the party should either obtain another attorney or file an appearance on his own behalf with the court and (5) if the party does neither, the party will not receive notice of court proceedings in the case and a nonsuit or default judgment may be rendered against such party. The attorney's appearance for the party shall be deemed to have been withdrawn upon the granting of the motion without the necessity of filing a withdrawal of appearance."

[3] This was the same Arizona address used in the initial service of the complaint.

defaulted for failure to appear on August 11, 1995. Judgment was rendered against him in the amount of $1,750,000 on October 30, 1995, after a hearing in damages. Notice of the judgment was sent to Sargis at the Arizona address on November 8, 1995. The notice was returned to the sender as undelivered by the postal service.

On February 23, 1996, Sargis filed a motion to open the judgment, which the trial court, *Berger, J.*, granted on April 15, 1996. On May 10, 1996, Sargis filed a motion to dismiss alleging that he resided in Connecticut at the time of attempted service of the complaint and, therefore, the process was insufficient. On July 22, 1996, the trial court, *Langenbach, J.*, granted the defendant's motion to dismiss. On August 13, 1996, the plaintiff filed a motion for articulation of both Judge Berger's April 15, 1996 ruling and Judge Langenbach's July 22, 1996 ruling. Judge Berger denied the plaintiff's motion as "untimely." On September 24, 1996, Judge Langenbach issued the following articulation: "The motion to dismiss was granted because the defendant Sargis was a resident of Connecticut and had been so since March of 1993. Therefore, the attempted service on him in June of 1994 when he had been a Connecticut resident for over one year by leaving a copy of the writ, summons and complaint with the Secretary of the State and by certified mail to an address in Arizona was ineffective."

I

The plaintiff first claims that the trial court, *Berger, J.*, improperly granted the motion to open the default judgment. The plaintiff failed to seek review of the trial court's denial of the motion for articulation. Accordingly, there is no basis for our reviewing that decision. Because the plaintiff failed to provide us with an adequate record, we decline to afford review of his claim. See *Dime Savings Bank of Wallingford* v. *Cornaglia,*

33 Conn. App. 549, 553–56, 636 A.2d 1370 (1994); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 903, 634 A.2d 295 (1993); Practice Book §§ 4061, 4051, 4054 and 4183.[4]

## II

The plaintiff next claims that the trial court improperly dismissed the action. In support of his claim, the plaintiff argues that (1) Sargis was adequately notified because he was served at the address last known to the plaintiff and to the attorneys who appeared for him, (2) the law of the case established Sargis' last known address, (3) any insufficiency was waived by the filing

[4] Practice Book § 4061 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review as provided in Sec. 4007."

Practice Book § 4051 provides in relevant part: "A motion seeking . . . an articulation . . . of the decision of the trial court shall be called . . . a motion for articulation . . . . Any motion filed pursuant to this section shall state with particularity the relief sought. . . . The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . . The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion filed pursuant to this section . . . shall be by motion for review under Sec. 4054. . . ."

Practice Book § 4054 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Sec. 4051 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."

Practice Book § 4183 provides in relevant part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete or perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. The court may, on its own motion or upon motion of any party, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ."

of an appearance by Halloran & Sage on behalf of Sargis, and (4) Sargis had an affirmative obligation to notify his counsel or other litigants of his whereabouts. We are not persuaded.

We first address the plaintiff's claim that Sargis was adequately notified because he was served at the address last known to the plaintiff and to the attorneys who appeared for him. In granting Sargis' motion to dismiss, the trial court found that, at the time of attempted service of the complaint, Sargis was a resident of Connecticut and had been a resident of this state for more than one year. In support of this finding, the trial court had before it uncontested evidence in the form of an affidavit of Sargis that stated that he had returned to Connecticut in March of 1993 and was a resident of Connecticut in 1994 when the plaintiff attempted service pursuant to § 52-59b (c). The trial court also had before it the unopened certified letter marked "unable to deliver" that demonstrated that the attempted service by certified mail was ineffective. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Tyler's Cove Assn., Inc.* v. *Middlebury,* 44 Conn. App. 517, 527–28, 690 A.2d 412 (1997). The plaintiff has failed to show that the trial court's findings as to Sargis' Connecticut residency or the failure to serve him in Connecticut were clearly erroneous.[5]

---

[5] The plaintiff's claim that the trial court made insufficient findings of fact to support the decision to dismiss the action is without merit. The trial

Moreover, it is undisputed that no service was made on the defendant in Connecticut and that the only attempted service was pursuant to § 52-59b (c) at an address in Arizona. "[General Statutes § 52-59b (c)] expressly applies only to nonresidents of this state." *White-Bowman Plumbing & Heating, Inc.* v. *Biafore*, 182 Conn. 14, 16, 437 A.2d 833 (1980). Because § 52-59b (c) applies only to service on nonresidents, that statute did not authorize service in this case. The defendant, as a Connecticut resident, could be served effectively only in this state. The plaintiff's argument that Sargis was served at a last known out-of-state address is, therefore, unavailing.

We next address the plaintiff's argument that the law of the case established Sargis' address to be in Arizona at the time of service. We are not persuaded. The crucial time for determining whether Sargis was a resident of Connecticut is the time of service. The allowance of the withdrawal by counsel, implying that Sargis had been properly notified of Halloran & Sage's application to withdraw by a notice mailed to an Arizona address, occurred in November, five months after the attempted service. That determination, which was not challenged, related to Sargis' whereabouts as of November, not June. The adequacy of notification of the application to withdraw is not an issue here. The trial court's granting of the motion to withdraw did not constitute the law of the case with respect to the adequacy of the initial service.

We next address the plaintiff's argument that the appearance by Halloran & Sage constituted a waiver

court did articulate its decision in response to the plaintiff's motion for articulation. The plaintiff failed to seek a further articulation or to move this court to review the articulation. Accordingly, the plaintiff has failed to provide a proper record for our consideration of this issue. *Dime Savings Bank of Wallingford* v. *Cornaglia*, supra, 33 Conn. App. 553–56; *Holmes* v. *Holmes*, supra, 32 Conn. App. 319; Practice Book §§ 4061, 4051, 4054 and 4183.

of Sargis' claim of ineffective service. The motion to withdraw was premised on a mistake, namely, that Halloran & Sage "sought to represent only the city of Hartford and not the other defendants, Gregory Sargis and James F. Callan," because that would "present a conflict of interest." In allowing the withdrawal, the trial court did not file a memorandum of decision. Although the court failed to disclose its reasoning in permitting the withdrawal, we conclude that it acted on the basis of the sole ground asserted by the movant. See *Matey* v. *Waterbury*, 24 Conn. App. 93, 98, 585 A.2d 1260, cert. denied, 218 Conn. 908, 588 A.2d 1383 (1991). Although service on Sargis of the motion to withdraw was made by sending him a certified letter at an Arizona address, the trial court made no specific finding as to Sargis' place of residence. Contrary to the plaintiff's assertion, the plaintiff failed to establish that Halloran & Sage, as counsel for the city, filed the initial appearance pursuant to authorization by Sargis or a duty to defend Sargis in this case. The trial court's action granting the motion to withdraw premised on a mistaken appearance, in fact, operates to the contrary. Even the plaintiff conceded that the initial Halloran & Sage appearance on behalf of Sargis was in error. Under the circumstances of this case, we conclude that the mistaken appearance on behalf of Sargis does not constitute a waiver of inadequate service by Sargis. To determine otherwise would be contrary to concepts of waiver well established in the law of this state. See *Rosenthal* v. *State Bar Examining Committee*, 116 Conn. 409, 418, 165 A. 211 (1933) ("[t]he basic conception of a waiver is that it is intentional; it cannot be established by a consent given under a mistake of fact"); *Noethe* v. *Noethe*, 18 Conn. App. 589, 594, 559 A.2d 1149 (1989) (trial court improperly concluded that clerical act of counsel's signing judgment file, act alleged to have been mistaken, waived any underlying claims regarding judicial action

alleged to have substantively changed rights embodied in earlier judgment).

Finally, we address the plaintiff's argument that Sargis had an affirmative obligation to notify his counsel or the plaintiff of his whereabouts. This argument was raised for the first time in the plaintiff's brief. "This court will not review issues of law that are raised for the first time on appeal." *State* v. *Harvey*, 27 Conn. App. 171, 186, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992); see also *State* v. *Robinson*, 227 Conn. 711, 741, 631 A.2d 288 (1993). Accordingly, we decline to review this claim.

Because the plaintiff has failed to demonstrate that the trial court's determinations that Sargis was a resident of Connecticut at the time of service and that he was not served in Connecticut were clearly erroneous, we conclude that the trial court properly determined that the attempted Arizona service was ineffective and, therefore, properly dismissed the action.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

LAVERY, J., dissenting. I disagree with the majority's failure to find that the filing of an appearance by the law firm of Halloran & Sage on behalf of the defendant Gregory Sargis and Sargis' failure to file a motion to dismiss for insufficiency of service within thirty days of the filing of the law firm's appearance constituted a waiver of the claim that service of process was insufficient.

Practice Book § 142 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so . . . but must do so by filing a motion to dismiss within thirty days of the filing of an appearance."

Practice Book § 144 provides in relevant part: "Any claim of . . . insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss . . . within the time provided by Sec. 142."

The return day in this case was June 28, 1994. The law firm of Halloran & Sage filed an appearance on June 28, 1994. On October 27, 1994, the plaintiff filed a motion for default against Sargis for failure to appear that was denied because Halloran & Sage had filed an appearance.

On November 9, 1994, Halloran & Sage filed a motion to withdraw that was granted on November 21, 1994. On May 10, 1996, Sargis filed the motion to dismiss that is the subject of this appeal. On June 12, 1996, the plaintiff objected to the motion to dismiss giving as one of his reasons: "The defendant Sargis waived, through his attorney, Halloran & Sage, any defects in service of process." The trial court granted the motion to dismiss on the basis of insufficiency of service of process. All of those facts are in the record.

Because Sargis, through his attorneys, filed no motion to dismiss within the thirty days of their filing of their appearance, there was a waiver of the insufficiency of process claim. This court held in *Pickett* v. *T.A.C. Collections, Inc.*, 31 Conn. App. 909, 909–10, 625 A.2d 845 (1993), the following: "The record shows that the defendant's appearance was filed on February 19, 1992, and the motion to dismiss was filed on March 31, 1992. The motion to dismiss was filed more than thirty days after the filing of the defendant's appearance. Under Practice Book §§ 142 and 144, the objection to personal jurisdiction is waived if a motion to dismiss is not filed within thirty days of the filing of an appearance." The trial court should not have granted the motion to dismiss.

I agree with the majority that the motion to open granted by the trial court should be affirmed.

I would reverse the granting of the motion to dismiss and remand the case to the trial court with direction to deny the motion to dismiss and to proceed in accordance with the law.