[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO RESTORE TO DOCKET STRIKE WITHDRAWAL
This is a Declaratory Judgment action brought by Liberty Mutual Insurance Company to determine its obligation under a policy of insurance with its insureds, the defendants Phillipe and Gina Racine. The defendants Jane Doe Minor and Jane Doe Mother intervened in this action, and have commenced a separate action against Phillipe Racine claiming damages for breach of duty to safeguard Jane Doe Minor while she was a guest at the Racine home insured by Liberty Mutual, the plaintiff in this action. This action was instituted with a return date of February 24, 1998, and proceeded until August 27, 1999, when the plaintiff withdrew its action.
Various motions were filed by all of the defendants subsequent to the plaintiff filing its withdrawal of action. The Jane Doe defendants filed a Motion to Strike the Withdrawal dated September 1, 1999, and the defendants Racine filed a Motion to Restore to the Docket and a Motion to Strike the Withdrawal dated October 25, 1999.
Regardless of the styles of the motions filed subsequent to the withdrawal the court will consider them as motions to restore to the docket. "There is no reason why the trial court does not have jurisdiction to restore a case that has been voluntarily withdrawn to the active docket, just as it can open a judgement or restore to the docket a case that has been erased Lucas v. St.Patrick's Roman Catholic Church Corporation, 123 Conn. 166, 170, CT Page 15098194 A. 204 (1937)." Matey v. Waterbury, 24 Conn. App. 93, 97,585 A.2d 1260 (1991), cert. denied, 218 Conn. 908, 588 A.2d 1383
(1991).
The defendants claim that they have acquired certain rights in this action that entitle them to restore this case to the docket. Their claim asserts that this case has been pending for almost two years, is close to an assignment date for trial, and much time and effort has been expended by them to date which will be lost and will have to be expended again when the defendants institute a new action. The loss of "right" the defendants are most concerned about is the right to obtain certain documents by way of discovery that a the defendant was ordered to produce in this action that they feel might not be ordered in a subsequent action.[1] It is the loss of this "right" that the defendants claim should entitle them to restore this action to the docket.
Under General Statutes § 52-80 a plaintiff "may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof" There is no question that a hearing has not commenced is this matter. Our Appellate Court just recently interpreted this statute to say that this right to withdraw was unconditional and absolute. SeeBaker v. Cordisco, 37 Conn. App. 515, 520, 657 A.2d 230 (1995);Sicaras v. Hartford, 44 Conn. App. 771, 775-76, 692 A.2d 1290
(1997). This right was long established by our Supreme Court inLucas v. St. Patrick's Roman Catholic Church Corporation, supra,123 Conn. 168.
The defendants are not unmindful of these appellate decisions but argue that the right to withdraw can only be done "whenever it can be done without injuriously affecting rights of the defendant acquired by reason of this action" citing Bristol v.Bristol Water Co., 85 Conn. 663, 673, 84 A. 314 (1912). This action did not concern the withdrawal of a lawsuit but concerned the right of a municipality to withdraw from purchasing property incident to a foreclosure action after a first appraisal. The court in that action was acting on a Motion to Dismiss in which it was claimed that the City's right to withdraw from purchasing after the first appraisal was unconstitutional and hence the court was without jurisdiction. The language in that case referring to the right to withdraw any action whenever it could be done "without injuriously affecting rights of the defendant" is dicta at best. Id. Furthermore, General Statutes § 52-80
was enacted in 1949, and there is no indication that at the time CT Page 15099 of the Bristol case there was any statutory prohibition as there is now.
The other case cited by the defendants, Matey v. Waterbury
supra, 24 Conn. App. 93, which they argue permits a court to restore a case if withdrawn if it affected the rights of the defendants, was not appealed on the issue of whether the court had the right to restore if the withdrawal affected the right of the defendant. The appeal in that case was from the refusal of the lower court to permit the Second Injury Fund ("Fund") from intervening in a workers compensation matter. In that matter, when the court denied the Fund right to intervene, and the Fund took a timely appeal, the plaintiff withdrew her action. The court in that case reversed the lower court decision to deny the Fund the right to intervene and remanded the case "with direction to grant the motion to intervene subject to the exercise of the court discretion in allowing the restoration of the case to the active docket." Id. at 99. The decision in that case only spoke to the right to intervene. There is no question that though the court referred to Bristol in the decision, and makes reference to the right to restore, it does not decide the issue.
The court finds it difficult to read General Statutes §52-80 as providing discretionary power in the court to restore actions withdrawn by the plaintiff prior to "a hearing on the merits." The Supreme Court in Lucas, and the recent Appellate Court decisions in Sicaras and Baker, faced this question squarely and did not speak of the court's discretion in permitting a restoration. Even if General Statutes § 52-80
permits the court discretion, this court is unwilling to exercise it in the instant matter since it does not believe that the "right" the defendants claim to have is injuriously affected by the plaintiffs withdrawal. There is no showing that the discovery material ordered to be released in this case will not be discoverable in a subsequent action nor is there any showing in what manner the defendants will be prejudiced if the documents are not made available in a subsequent action.
The defendants Motion to Restore is denied.
PELLEGRINO, (P)