LOUISE A. KANTROWITZ *v.* WILLIAM C. CLIPFEL ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 111314

Memorandum filed October 14, 1959

*Maurice Poch,* of Hartford, for the plaintiff.

*William Galvin, Jr.,* of Hartford, specially for the plaintiff.

*Daddario & Burns,* and *Joseph P. Cooney,* of Hartford, for the defendants.

*Gross, Hyde & Williams,* of Hartford, for Society for Savings, garnishee.

TROLAND, J. The present action, claiming damages for malicious prosecution, was returned to this court the first Tuesday of December, 1957. An attachment of $45,000 was made which on application by the defendants to the court was reduced to $5000. After a number of preliminary motions, the pleadings were closed February 24, 1958. No claim for a jury trial was made within the time limited. The case was assigned for trial to the court in March, 1959, and was thereafter on the court assignment list each week until and including the 24th day of June, 1959.

On June 8, 1959, the plaintiff, without leave of court, filed with the clerk an amendment adding a

second count to her complaint and a claim for the jury docket as to said second count. These papers were received and marked "filed" by the clerk. The second count was a restatement of the first count, with added evidential matter. On June 19, 1959, the amendment to the complaint was denied by the court, and thereafter, on said day, the case was, on motion, stricken from the jury docket *(Bogdanski, J.).* For good reason, arrangements were made by the chief judge for the trial of this case to the court *(Phillips, J.)* on June 23, 1959, but at plaintiff's request for delay of one day, trial was not started on said date. On June 24, 1959, the plaintiff filed a voluntary withdrawal of this action.

On June 24, 1959, the plaintiff commenced a new action against the defendants, returnable to this court the first Tuesday of August, 1959. The new suit was for the same cause of action set out in her original complaint, as amplified by the amendment which was denied by the court, but further embellished by much evidential matter, and directed an attachment of $60,000. On the return day the plaintiff filed a claim for the jury docket for the new case.

On June 29, 1959, after learning of the withdrawal of the first case, defendants filed the present motion to restore said case to the docket.

It seems obvious that plaintiff's counsel, having failed to file a timely claim for a jury trial, thereafter on the eve of trial to the court, and near the end of the term, filed a proposed amendment which, if allowed, would have opened the door to the filing of a claim for the jury docket and consequent months of delay in the trial of the cause. In an effort to overcome the action of the court in denying the amendment and removing the cause from the jury docket, plaintiff has resorted to the privilege granted by the statute to withdraw her case before

the commencement of a hearing on the merits thereof. Rev. 1958, § 52-80.

The immediate commencement of a new suit for the same cause of action raises a serious question of abuse of the privilege granted to a litigant under our law. The defendants' motion to restore the case to the docket was made timely, and before the end of the term. The court therefore has power to grant the motion. *Ferguson* v. *Sabo,* 115 Conn. 619, 622. The court is of opinion that substantial rights of the defendants were acquired by reason of the action, including but not limited to their right, under the circumstances revealed by the files of this court, to a speedy trial of the issues already framed and to the recovery of their costs. *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 673.

The case is hereby restored to the docket.