[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO RESTORE
On August 17, 1995, the plaintiff, Robert L. Hughes, commenced this civil action against the defendant, Carmody 
Torrance. During the course of the action, the plaintiff failed, pursuant to General Statutes § 52-215, to timely file a claim for a jury trial, thereby waiving such right. General Statutes § 51-239b. The plaintiff thereafter withdrew this action from the court's docket on March 5, 1995.
By complaint dated February 27, 1996, the plaintiff brought a second suit against the defendant, this time in the judicial district of Litchfield. This complaint sets forth the same cause of action as in his original complaint. The plaintiff did, however, file a timely claim for a jury trial in the subsequent action. Following the plaintiff's claim for a jury trial in Litchfield, the defendant now moves to restore the original action to the active docket of this court. For the following reasons, the court grants the defendant's motion.
A plaintiff may voluntarily withdraw any action as of right before the commencement of a hearing on the merits thereof. General Statutes § 52-80. "The court, however, has continuing jurisdiction to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal, but . . . it must first reinstate it on the docket before granting the relief sought." (Internal quotation marks CT Page 8535 omitted.) Matey v. Waterbury, 24 Conn. App. 93, 97, 585 A.2d 1260
(1991).
At short calendar, September 3, 1996, the plaintiff, proceeding pro se,[1] made clear that his reason for withdrawing the action from this court's docket was so that his claims against the defendant could be reclaimed to the jury docket of another district. "The immediate commencement of a new suit for the same cause of action raises a serious question of abuse of the privilege granted to a litigant under our law. . . . The court is of the opinion that substantial rights of the defendants were acquired by reason of the action including but not limited to their right, under the circumstances revealed by the files of this court, to a speedy trial of the issues already framed. . . ." (Citations omitted.) Kantrowitz v. Clipfel,21 Conn. Sup. 371, 373, 155 A.2d 59 (1959).
From the facts presented, the court believes the defendant acquired certain vested rights prior to the plaintiff's withdrawal of the original action and that the plaintiff has used the withdrawal privileges set forth in General Statutes §52-80 in an attempt to circumvent the time mandates of General Statutes § 52-215. See Kantrowitz, supra, 373. Accordingly, the defendant's motion to restore is granted.
/s/ Sandra Vilardi Leheny, J. SANDRA VILARDI LEHENY