[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO RESTORE TO DOCKET
This declaratory judgment action, to determine coverage under a homeowner's policy issued to the Blesso defendants, was returned to the Judicial District of Hartford in August 1997. Without objection by the plaintiff, in January 1998 it was transferred to New Britain upon motion of the Doe defendants and consolidated with a tort action pending there between the Does and the Blessos. The court assigned April 21, 1999 as the trial date for the consolidated cases.
Shortly before that date, on April 12, 1999, the plaintiff moved to sever the two cases for purposes of trial. Because this motion required a response from the defendants and because there were other issues between the parties that required resolution before trial, after meeting with all counsel, the court continued the trial date to June 16, 1999. On April 22 the court denied the plaintiff's motion to sever. Noting that the declaratory judgment action had never been claimed for a jury trial, the court ordered that it be tried to the court in the person of the judge who presides over the jury trial of the tort action between the Does and the Blessos if the jury in the tort case returns a verdict for the Does. The court also established procedures for the trial of the case which were intended to reduce the need for the minor plaintiffs to testify more than once to the alleged acts which are the basis for the tort action.[1]
Six days after the court denied its motion to sever and ordered that its action be tried to the court the plaintiff withdrew the action it had initiated 20 months before.[2] The Doe defendants have moved to restore it to the docket.
"There is no reason why the court has not jurisdiction upon a proper showing to restore to the active docket a case which has been voluntarily withdrawn. . . ." Lusas v. St. Patrick's RomanCatholic Church Corp, 123 Conn. 166, 170 (1937). Such jurisdiction should not be exercised promiscuously, however, but "to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal. . . ." CT Page 5424Lytwinick v. Lytwinick, 21 Conn. Sup. 497, 498 (1959), cited with approval in Matey v. Waterbury, 24 Conn. App. 93, 97 (1991).
Two Superior Court judges have acted favorably on such motions when they concluded that the withdrawal was filed to avoid the consequences of a party's failure to claim the case for a trial by jury. See Hughes v. Carmody Torrance, Superior Court, judicial district of Waterbury, Docket No. 128305 (Oct. 15, 1996); Kantrowitz v. Clipfel, 21 Conn. Sup. 371 (1959). Similarly. In this case it is impossible to escape the conclusion that the court's rulings on April 22 were the major, if not the only, reason for the withdrawal on April 28.
The plaintiff points to the recent discovery by all counsel of the existence of another suit against the Blessos, raising the same kind of claims as are raised in the underlying tort action here, McCue v. Blesso, judicial district of New Britain, Docket No. CV 97 483387[3], and claims that a need to obtain consistent rulings on the coverage issue raised by the two actions prompted its withdrawal. First, it is not at all clear to the court, from the representations made by counsel as to the sequence of events surrounding the discovery of that other action, that it played any role in the decision to withdraw this action. Second, a ruling in this action on the issue of coverage will collaterally estop the Blessos from relitigating that issue in any litigation that might arise out of the McCue case, and may collaterally estop the McCues as well since "mutuality of parties is no longer required to invoke collateral estoppel". AetnaCasualty Surety Co. v. Jones, 220 Conn. 285, 300 (1991).
Third, there is no way to know what, if any, collateral litigation will arise out of the McCue case. The plaintiff is not obligated to bring an action to resolve coverage issues, and it is speculative to assume that the Blessos or the McCues will do so. "Finally, the plaintiff had no knowledge of the McCue matter because its insured failed to inform it. No reason appears why the Doe defendants should be burdened with the consequences of that failure of communication between insured and insurer.
The question remains, What "vested rights" have the Does acquired which were lost because of the withdrawal? This phrase, "vested rights", has not been used by the courts in a narrow, technical sense when considering claims that a withdrawn action should be restored to the docket. It simply means any "rights of the (party) acquired by reason of such action" which "would be CT Page 5425 injuriously affected by such withdrawal". Lytwinick v. Lytwinick, supra, at 500.
By reason of the plaintiff's commencement of this action and its consolidation with the underlying tort action the plaintiffs in the tort action (the moving defendants here) acquired a right to have the insured's liability to them and the insurer's obligation to satisfy it determined in one proceeding. This is a substantial right, especially in a case such as this where the plaintiffs are children, and it is important to avoid proliferating occasions for them to have to testify, if that can be done in fairness to the Blessos and the plaintiff. Furthermore, by virtue of the imminent trial they have secured the right to have these issues determined without further delay.[4] The court finds these rights to be at least as substantial as the right of a non-party to intervene in Matey v.Waterbury, which the Appellate Court found to constitute a "vested right", justifying the trial court's exercise of discretion to restore the case to the docket. 24 Conn. App. at 97.
"The court is of (the) opinion that substantial rights of the defendants were acquired by reason of the action, including but not limited to their right, under the circumstances revealed by the files of this court, to a speedy trial of the issues already framed. . . ." Kantrowitz v. Clipfel, supra,21 Conn. Sup. at 371. The court is of the same opinion here. This case was on the eye of trial when the plaintiff withdrew it. The plaintiff's right to do so should not be permitted to defeat the defendants' right to a speedy, unified resolution of the serious issues raised by this action and the underlying tort action.
Accordingly, the motion to restore is granted, and the case is restored to the active docket of the court. All orders previously entered shall remain in effect, including the order of April 22, 1999, precluding the plaintiff's participation in the jury trial of Doe v. Blesso.
BY THE COURT
Joseph M. Shortall, Judge