TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA *v.* ESTHER G. TWINE ET AL.
(AC 30990)

DiPentima, Robinson and Hennessy, Js.*

_____

*The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 4—officially released May 4, 2010

*Allison A. Bergan,* for the appellant (named defendant).

*Michael J. O'Sullivan,* for the appellee (plaintiff).

*Brian J. Farrell, Jr.,* for the appellee (apportionment defendant Greenwich Medical Building, Inc.).

*Opinion*

DiPENTIMA, J. The defendant Esther G. Twine[1] appeals from the judgment of the trial court in favor of the plaintiff,[2] Travelers Property Casualty Company of America, denying her motion to restore the case to the docket. She claims that (1) the court abused its discretion in denying the motion to restore because she had the right to litigate the matter as it was presented in the original docket and (2) the court's denial of her motion to restore violated her state constitutional due process right to litigate this action. We disagree and, accordingly, affirm the judgment of the trial court.

---

[1] The relevant complaint also named as defendants Eager Beaver Tree Service, Inc., and EB Trees, Inc. Because Twine is the sole defendant on appeal, we refer to her as the defendant in this opinion.

[2] The plaintiff brought this action pursuant to its rights of subrogation.

The following facts and procedural history are relevant to our disposition of the defendant's claim. The defendant owns the property located at 40 Cassidy Street, Greenwich. The property borders 49 Lake Avenue, Greenwich, where Greenwich Urological Associates is a tenant. On or about June 3, 2007, a tree fell on the roof of the 49 Lake Avenue property. As a result of the damage caused by the tree, the plaintiff made payments to Greenwich Urological Associates under a property insurance policy that covered loss of business property and loss of business income.

On June 27, 2008, the plaintiff filed an amended complaint alleging that the defendant was negligent because the large dead or damaged tree was visible on the defendant's property as of October, 2005, and that she knew that the tree was deteriorating and dangerous but, nonetheless, allowed the tree to remain on her property for longer than a reasonable amount of time. On June 20, 2008, the defendant filed requests for admission, which the plaintiff did not answer within the time required by Practice Book § 13-23. Therefore, under that section, the requests were deemed admitted. Among the plaintiff's admissions was that "[t]he tree that damaged [the] plaintiff's insured's property fell from 49 Lake Avenue, Greenwich, Connecticut [the premises leased to the insured]." On November 5, 2008, the defendant filed a motion for summary judgment. On November 26, 2008, the plaintiff filed an objection to that motion, accompanied by an affidavit,[3] and a motion to withdraw its admissions. Before a hearing was held on the motions, on December 9, 2008, the plaintiff filed a withdrawal of this action. Shortly thereafter, the plaintiff served a new complaint on the defendant. On February 11, 2009, the defendant filed a motion to restore the original

---

[3] The sworn affidavit of Justin Adamowicz stated that the defendant told him in June, 2007, that she owned the fallen tree and that she had known that it needed to be removed before it fell.

action to the docket. On March 26, 2009, after a hearing, the court issued a memorandum of decision denying the defendant's motion to restore. The defendant appealed from the denial of that motion.

I

The defendant first claims that the court abused its discretion in denying the motion to restore the original action to the docket because she had the right to litigate the matter as it was presented in the original docket. Specifically, the defendant argues that she has been deprived of a vested right and that the plaintiff's withdrawal of the action followed by the filing of a nearly identical action, purportedly to subvert the court's expected ruling on a motion for summary judgment, should not be allowed. We do not agree that the court abused its discretion.

The standard of review for this issue is well settled. "The question of whether a case should be restored to the docket is one of judicial discretion." *Sicaras* v. *Hartford*, 44 Conn. App. 771, 779, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997); see also *Lusas* v. *St. Patrick's Roman Catholic Church Corp.*, 123 Conn. 166, 170, 193 A. 204 (1937).

The plaintiff withdrew the action on December 9, 2008, before a hearing on the merits of the motion for summary judgment took place. General Statutes § 52-80 provides in relevant part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown." "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by

. . . § 52-80, is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) *Daigneault* v. *Consolidated Controls Corp./Eaton Corp.*, 89 Conn. App. 712, 714, 875 A.2d 46, cert. denied, 276 Conn. 913, 888 A.2d 83 (2005), cert. denied, 546 U.S. 1217, 126 S. Ct. 1434, 164 L. Ed. 2d 137 (2006). "The court unless [the action] is restored to the docket cannot proceed with it further . . . ." *Lusas* v. *St. Patrick's Roman Catholic Church Corp.*, supra, 123 Conn. 170.

The defendant asserts that the purpose of the plaintiff's withdrawal of the first action was solely to "[manipulate] the judicial system to avoid an unfavorable ruling." The defendant further claims that she had a vested right in having her motion for summary judgment heard and decided by the court and that because she had that vested right, the court abused its discretion by denying the motion to restore.[4] In *Lusas* v. *St. Patrick's*

[4] The plaintiff argues that it has an absolute and unconditional right to withdraw the case before a hearing on the merits and that the court, therefore, has *no* discretion to restore the case to the docket. It cites this court's opinion in *Smith* v. *Reynolds*, 54 Conn. App. 381, 383, 735 A.2d 827 (1999), arguing that a trial court never has the discretion to restore a plaintiff's action as long as the plaintiff has withdrawn the action before a hearing on the merits has commenced. We are not persuaded.

In *Smith*, the defendant argued that the action was not properly withdrawn in the first place, claiming that prior motions that had been taken on the papers constituted a hearing on the merits within the meaning of § 52-80 and that the plaintiff wrongfully withdrew the action without seeking leave of the court pursuant to § 52-80. See *Smith* v. *Reynolds*, Conn. Appellate Court Records & Briefs, April-May Term, 1999, Defendants' Brief, pp. 3–5. In this case, however, there is no such factual challenge, as both parties agree that there was no hearing on the merits. The issue in this case is whether the defendant's rights had vested. Nevertheless, the court retains discretion to restore an action to the docket at its discretion.

This court's decision in *Sicaras* v. *Hartford*, supra, 44 Conn. App. 771, better expounds on the meaning of § 52-80. "Withdrawals are analogous to final judgments. The right of a plaintiff to withdraw his action before a

*Roman Catholic Church Corp.*, supra, 123 Conn. 170, our Supreme Court stated that "[t]here is no reason why the court has not jurisdiction upon a proper showing to restore to the active docket a case which has been voluntarily withdrawn, just as it can open a judgment or restore to the docket a case which has been erased." The court in this case issued a detailed memorandum of decision, finding that the defendant was not deprived of a vested right. The court determined that the issue of whether or not the tree was located on the defendant's property could be investigated through the discovery process in the subsequent action and that any pertinent motions relating to that issue could also be addressed in that action. The court concluded that under § 52-80, the plaintiff was allowed to withdraw the action before a hearing on the motions. On the basis of these findings, the court denied the defendant's motion to restore. We conclude that the court did not abuse its discretion.

II

The defendant next claims that the court's denial of her motion to restore violated her state constitutional due process right to litigate this action. This claim, however, was not raised in the trial court. Further, the defendant does not assert that her claim was preserved for appellate review, nor does she affirmatively request review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[5] The defendant analyzed her claim

hearing on the merits, as allowed by § 52-80, is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) Id., 775–76. "The question of whether a case should be restored to the docket is one of judicial discretion." Id., 779.

[5] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional

as though it were a preserved constitutional claim. Merely raising and analyzing a claim of constitutional magnitude, however, does not constitute an affirmative request for *Golding* review. See *In re Melody L.*, 290 Conn. 131, 154, 962 A.2d 81 (2009) ("[T]he respondent does not seek a review under *Golding*. Her brief makes no mention of, or request for *Golding* review. Consequently, we decline to review the respondent's constitutional claims."); *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 17, 761 A.2d 740 (2000) ("[i]t is not appropriate to engage in a level of review that is not requested" [internal quotation marks omitted]). Therefore, we will not address this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.